IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-02917-RBJ

ALLEN N. QUICK,

    Plaintiff,

v.

GRAND JUNCTION LODGING LLC, d/b/a Holiday Inn Express and Suites Hotel,
a South Dakota corporation,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff Quick's Motion for Partial Summary Judgment on Defendant's Designation of Non-Parties at Fault and Certain Affirmative Defenses [ECF No. 23]. Defendant recently withdrew its designations of non-parties at fault, and thus the motion is moot to the extent it asks the Court to strike those designations. *See* ECF No. 32. The present order is therefore limited to consideration of plaintiff's request that the Court strike certain affirmative defenses in defendant's Answer [ECF No. 9]. For the reasons laid out below, the motion is granted.

## I. FACTS

The plaintiff, Allen Quick, alleges that he tripped over a glass-topped table in a poorly lit area in Defendant Grand Junction Lodging LLC's ("Grand Junction") hotel, the Holiday Inn Express in Grand Junction, Colorado. ECF No. 1 at ¶¶ 1, 3. While staying at the hotel, Mr.

1

Quick was allegedly following a sign indicating the direction of the pool when he encountered the table. *Id.* at ¶ 9. According to plaintiff, the "inadequate lighting, bold pattern of the carpet, and transparency of the glass-topped table worked in harmony to effectively camouflage the table to Mr. Quick, or any reasonable guest, who would not expect such an obstacle in the designated path to the pool." *Id.* at ¶ 15. As a result of this incident, Mr. Quick allegedly suffered serious injuries. *Id.* at ¶1. His complaint asserts a claim as an "invitee" under Colorado's Premises Liability Act. *Id.* at 6–7.

## II. DISCUSSION

### A. Standard of Review.

Plaintiff moves to strike a number of defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f), which holds that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] "Motions to strike are a severe remedy, and as such are generally disfavored." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). Although the motion is labeled "Motion for Partial Summary Judgment," the portion addressing affirmative defenses is styled as a Rule 12(f) motion. *See* ECF No. 23 at 3, 11. Indeed, even when a motion "is presented as a motion for summary judgment under Rule 56, to the extent that it seeks to strike a pleading, it is more appropriately construed as a Rule 12(f) motion to strike" because an affirmative defense is a pleading under Federal Rule of Civil Procedure 8(a). *Sender*, 423 F. Supp. 2d at 1163. This procedural set-up

---

[1] Although defendant does not raise the issue, the Court notes that Rule 12(f)(2) allows a party to file a motion to strike within 21 days of being served with the challenged pleading. Plaintiff's motion does not meet that deadline. However, the rule also allows a court to act on its own in striking a pleading, and "[n]umerous courts have held that the court's power to strike a defense on its own initiative at any time allows it to consider untimely motions to strike." *Dixie Yarns, Inc. v. Forman*, No. 91 CIV. 6449 (CSH), 1993 WL 227661, at *4 (S.D.N.Y. June 21, 1993). Thus the Court does not find the motion time-barred.

raises the question of whether, in determining if a defense is "insufficient," the Court should consider evidence presented by the parties—or lack thereof—or instead rule on the basis of the pleadings alone.

When determining whether to strike an affirmative defense as insufficient, "the Court must strike the defense only if it cannot be maintained under any set of circumstances."[2] *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006). In applying this standard, courts generally do not consider whether a defendant has presented evidence in support of a particular defense, but instead decide the motion on the basis of the pleadings alone. *See, e.g.*, *Dixie Yarns, Inc. v. Forman*, No. 91 CIV. 6449 (CSH), 1993 WL 227661, at *4 (S.D.N.Y. June 21, 1993); *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993). As the Southern District of New York has explained, "[t]he [Rule 12(f)] motion is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Dixie Yarns, Inc.* No. 91 CIV. 6449 (CSH), 1993 WL 227661, at *4.

In certain circumstances, however, courts will consider the sufficiency of the evidence in ruling on a motion to strike:

---

[2] The complete statement in *Nacchio* reads as follows: "A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances." 438 F. Supp. 2d at 1287. Because the Supreme Court decisions in *Twombly* and *Iqbal* revised the pleading standard that a plaintiff must meet to survive a motion to dismiss, some courts have substituted that revised standard for the one described by the *Nacchio* court. *See, e.g.*, *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535 (D. Md. 2010) (applying *Twombly* and *Iqbal* pleading standard to affirmative defenses); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650–51 (D. Kan. 2009) (same). However, the Court finds the reasoning of courts declining to apply the *Twombly* and *Iqbal* standard to affirmative defenses more persuasive. *See, e.g.*, *Tiscareno v. Frasier*, No. 2:07-CV-336, 2012 WL 1377886, at *14–16 (D. Utah Apr. 19, 2012); *Lane v. Page*, 272 F.R.D. 581, 591 (D.N.M. 2011); *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011). *See also Anderson v. Van Pelt*, No. 09-CV-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (applying the "under any circumstances" standard). Thus the Court here applies the standard described in *Nacchio*.

> Unlike a Rule 12(b)(6) motion, there is no comparable provision for "converting" a 12(f) motion to strike an insufficient defense into a Rule 56 motion for summary judgment. However, several commentators suggest that, if matters outside the pleadings are presented and considered, especially those testing the legal sufficiency of a defense, a Rule 12(f) motion can be transformed into a motion testing the factual and evidentiary, as well as the legal, basis for the challenged pleading and would serve much the same function as a motion for summary judgment. Although some courts conclude that matters outside the pleadings should never be considered when ruling on a motion to strike, other courts have done so in the course of "converting" a 12(f) motion into one for partial summary judgment. We believe that this is the better approach . . .

*Marco Holding Co. v. Lear Siegler, Inc.*, 606 F. Supp. 204, 213 (N.D. Ill. 1985) (internal citations and quotations omitted). Thus case law provides support for an approach that considers the sufficiency of the evidence in this context. Courts generally embrace this approach when both parties have submitted evidence outside the pleadings in connection with a motion to strike. *See, e.g.*, *Liberty Mut. Ins. Co. v. Precision Valve Corp.*, 402 F. Supp. 2d 481, 484 (S.D.N.Y. 2005) (examining motion under summary judgment standard because both parties referred to matters outside the pleadings in their filings); *United States v. Manzo*, 182 F. Supp. 2d 385, 395 n.6 (D.N.J. 2000) (same). *See also Sender*, 423 F. Supp. 2d at 1167 (finding that a defense "fail[ed]" where plaintiff argued it lacked evidentiary support and defendant did not cite any evidence supporting the defense).

In the present case, discovery has ended and both parties have cited to evidence in their filings (indeed, the motion is labeled "Motion for Partial Summary Judgment"). The plaintiff argues that several of the affirmative defenses in defendant's answer lack any evidentiary support. *See* ECF No. 23 at 11–16. Defendant, in turn, cites to deposition testimony in its argument that the Court should not strike the challenged defenses. *See* ECF No. 24 at 10. Thus both parties discuss matters beyond the pleadings in the portions of their filings addressing

affirmative defenses. Following the *Marco Holding* approach discussed above, the Court will accordingly consider the evidentiary record in ruling on the sufficiency of the affirmative defenses challenged by plaintiff.

In doing so, the Court looks to the standard applied in considering a summary judgment motion. "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* When the movant does not have the ultimate burden at trial, it may succeed on a motion for summary judgment if it has shown the court that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To summarize, Rule 12(f) allows the Court to strike a defense as insufficient, redundant, immaterial, impertinent, or scandalous. In determining if the defenses challenged by plaintiff here are insufficient, the Court will consider both legal insufficiency and factual insufficiency on the record before the Court.

### B. Merits.

The Court now considers the merits of striking the affirmative defenses at issue. In addition to showing that each is insufficient, impertinent, immaterial, redundant, and/or scandalous, plaintiff must show that the challenged defenses prejudice him. *Kimpton Hotel & Rest. Grp., LLC v. Monaco Inn, Inc.*, No. CIV.A. 07-CV-01514-W, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008). Plaintiff's motion asks the Court to strike Affirmative Defense Nos. 4, 6, 8, 12, 13, 14, 15, 16, 17, and 18. ECF No. 23 at 11. Defendant in its Response has agreed to withdraw Defense Nos. 11 and 18, in addition to previously agreeing to withdraw Nos. 5, 7, and 10. ECF No. 24 at 8. Thus the Court will analyze plaintiff's motion to strike only with respect to Defense Nos. 4, 6, 8, 12, 13, 14, 15, 16, and 17.

### 1. Defense No. 4.

Affirmative Defense No. 4 states: "Plaintiff's damages, if any, were not proximately caused by the actions or inaction's [sic] of Defendant." ECF No. 9 at 2, ¶ 4. Both parties agree that proximate cause is an element of plaintiff's claim. *See* ECF No. 23 at 12; ECF No. 24 at 9. Thus this statement does not constitute an affirmative defense, but rather a denial of an element of plaintiff's claim. *See Sender*, 423 F. Supp. 2d at 1163 ("A defendant's denial of an element of an offense is not properly an affirmative defense but a denial."). For this reason, this defense is merely a restatement of Defense No. 1 (failure to state a claim). Thus the Court finds that Defense No. 4 is redundant.

Briefly, defendant argues that this defense "goes to" any contributory or comparative negligence on the part of the plaintiff or a non-party. ECF No. 24 at 9. Setting aside the question of whether the wording of the defense supports such an interpretation, the answer

already lists contributory negligence as separate defenses. *See* ECF No. 9 at 2, ¶¶ 3, 6. Even construed as defendant suggests, the defense is still redundant.

### 2. Defense No. 6.

In Defense No. 6, defendant claims that "[p]laintiff's damages, if any, are the sole and proximate result of the negligence of some third party or person for whom Defendant was not responsible and over whom Defendant had no control." ECF No. 9 at 2, ¶ 6. The defendant claims that this defense "goes to (1) any contributory negligence on the part of Plaintiff Quick or (2) a non-party." ECF No. 24 at 9. To the extent it refers to contributory negligence on the plaintiff's part, it is redundant of Defense No. 3. *See* ECF No. 9 at 2, ¶ 3. Moreover, Defendant has recently withdrawn its designation of non-parties at fault, ECF No. 32, and has not pointed to any set of circumstances in which a non-party could be at fault for plaintiff's injury, *see* ECF No. 24 at 9. Nor is the Court aware of any evidence in the record suggesting that a non-party's negligence caused plaintiff's injury. Thus, to the extent that the defense refers to contributory negligence on the part of a non-party, the Court finds it insufficient. In sum, Defense No. 6 is either redundant or insufficient.

### 3. Defense No. 8.

Defense No. 8 is a general statement that defendant is entitled to the protections of the Premises Liability Act. ECF No. 9 at 2, ¶ 8. In its Response, defendant's only argument in support of this defense does nothing more than list what plaintiff must prove under the Premises Liability Act. *See* ECF No. 24 at 10. Again, a denial of an element of a claim is not a proper affirmative defense. *See Sender*, 423 F. Supp. 2d at 1163. Plaintiff brought his claim under the premises liability statute; if he fails to prove any element required therein his claim will fail. For

this reason, Defense No. 8 is nothing more than an assertion that plaintiff has failed to state a claim. Thus it is redundant of Defense No. 1.

### 4. **Defense No. 12.**

The next defense at issue, No. 12, states that "[p]laintiff had knowledge of the alleged dangerous condition prior to encountering it." ECF No. 9 at 2, ¶ 12. Plaintiff argues that defendant has not presented any evidence in support of this defense, *see* ECF No. 23 at 13–14; ECF No. 25 at 9, and defendant offers no response, *see* ECF No. 24 at 10 (merely restating the defense without argument). Indeed, Mr. Quick testified that he had not previously walked through the area in which he fell. Quick Dep., ECF No. 23, Ex. C. at 131:16–18. Defendant has not pointed to any evidence rebutting Mr. Quick's testimony. *See* ECF No. 25 at 10. Under these circumstances, the Court finds that the defense is insufficient. *See Sender*, 423 F. Supp. 2d at 1167 (finding that a defense failed where plaintiff argued that there was no evidence to support it and defendant did not respond).

### 5. **Defense No. 13.**

Defense No. 13 states: "Plaintiff negligently chose the path on which he encountered the alleged dangerous condition." ECF No. 9 at 2, ¶ 13. Plaintiff argues that this defense is duplicative of Defense No. 3 (contributory negligence), and the Court agrees. Moreover, defendant offers no response to plaintiff's argument for why the Court should strike this defense. *See* ECF No. 24 at 10 (merely restating the defense without argument). Thus the Court finds that the defense is redundant.

### 6. **Defense No. 14.**

In Defense No. 14, defendant claims that plaintiff "voluntarily encountered the condition

on the premises of which he complains." ECF No. 9 at 2, ¶ 13.  The defendant also asserts a general assumption of risk defense in Defense No. 9; thus, No. 14 is redundant.  Again, defendant does not respond to plaintiff's argument for why the Court should strike this defense.  *See* ECF No. 24 at 10 (merely restating the defense without argument).

### 7. Defense No. 15.

Defense No. 15 states that "Plaintiff' [sic] alleged damages were proximately cause [sic] by the unforeseeable, independent, intervening, and/or superseding event(s) beyond the control of Defendant and unrelated to any act or omission of Defendant." ECF No. 9 at 3, ¶ 15.  Plaintiff argues that defendant has not cited any evidence backing up this defense, ECF No. 23 at 14, and defendant does not point to any in its response, *see* ECF No. 25 at 10.  Indeed, defendant instead argues that the defense "goes to (1) any contributory negligence on the part of Plaintiff Quick or (2) a non-party." *Id.*  This argument has already been addressed above.  Accordingly, for the reasons discussed in the analyses of Defense Nos. 4 and 6 above, the Court finds that Defense No. 15 is either redundant or insufficient.

### 8. Defense No. 16.

In Defense No. 16, defendant asserts that "[w]hatever damages Plaintiff may have suffered, if any, they were the sole and proximate cause of an unavoidable accident or natural medical condition." ECF No. 9 at 3, ¶ 16.  The Court assumes that defendant means that any damages were *caused by* an unavoidable accident or medical condition, not the other way around.  Plaintiff argues that defendant cannot cite to any evidence to support this defense, ECF No. 23 at 15, and indeed defendant does not, *see* ECF No. 25 at 11.  In fact, defendant's entire response to plaintiff's argument consists of a restatement of the defense.  *See id.*  Under such

circumstances, it is appropriate for the Court to find a defense insufficient. *See Sender*, 423 F. Supp. 2d at 1167.

### 9. Defense No. 17.

Finally, Defense No. 17 states that "Defendant conducted themselves [sic] in a commercially reasonable manner in compliance with all laws." ECF No. 9 at 3, ¶ 17. Plaintiff argues that that this defense is merely a denial of an element of plaintiff's claim. *See* ECF No. 23 at 15. The Court finds Defense No. 17 redundant under the same reasoning laid out in the analysis of Defense No. 8 above.

### 10. Prejudice.

As noted above, a Rule 12(f) motion will only be granted when the moving party shows that it is prejudiced by the challenged pleading. *Kimpton Hotel*, No. CIV.A. 07-CV-01514-W, 2008 WL 140488, at *1. "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Dean v. Gillette*, No. CIV.A.04-2100JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004). The Court finds that Defense Nos. 4, 6, 8, 12, 13, 14, 15, 16, and 17 confuse the issues in this case by unnecessarily repeating defenses already asserted in different forms, requiring the plaintiff to respond to defenses that are not pled in their proper form, and asserting theories that lack any factual support even at this late stage in the litigation. Declining to strike the challenged defenses would place an undue burden on the plaintiff, and the Court now strikes them pursuant to Rule 12(f).

## C. Sanctions.

Plaintiff also seeks sanctions against the defendant and its attorney for unnecessarily

delaying the discovery process and refusing to withdraw the Designation of Non-Parties at Fault [ECF No. 11] at an earlier point in time. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[A]n award should be made under § 1927 only in instances evidencing a serious and standard disregard for the orderly process of justice." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (internal citations and quotations omitted). However, subjective bad faith is not required. Rather, "sanctions are appropriate under § 1927 for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.*

In the present case, Mr. Atkins' actions meet that standard. Under Mr. Atkins' representation, Grand Junction designated ten non-parties at fault in its December 2, 2013 filing with this Court. ECF No. 11. During the course of discovery, it became clear to Grand Junction and Mr. Atkins that they lacked any factual basis for these designations. Indeed, in a deposition on October 16, 2014, Doug Vogt, a representative of Grand Junction, admitted that the designations lacked any factual basis. *See* Vogt Dep., ECF No. 25, Ex. K. at 88:2–17, 101:2–103:20, 154:18–156:8. Yet Grand Junction still refused to withdraw the designations, *see* ECF No. 25, Ex. L, unreasonably and vexatiously multiplying the proceedings in this case. In fact, defendant did not withdraw the designations until after hiring new counsel. *See* ECF No. 32. Mr. Atkins' conduct required plaintiff to unnecessarily expend resources in pursuing the portion of the present motion dealing with the non-party designations. This entire exercise was a poor use of both plaintiff's resources and those of the Court, which spent time reviewing the motion

before the designations were withdrawn.  For this reason, the Court finds that an award of attorney's fees equal to the amount that plaintiff incurred in pursuing the portions of its motion and reply addressing the non-party designations is appropriate.

The Court declines to award any further sanctions based on defendant's conduct during discovery at this time.

### ORDER

Plaintiff's Motion for Partial Summary Judgment on Defendant's Designation of Non-Parties at Fault and Certain Affirmative Defenses [ECF No. 23] is mooted in part and GRANTED in part.  It is further ORDERED that:

1. Affirmative Defense Nos. 4, 6, 8, 12, 13, 14, 15, 16, and 17 are stricken from the Answer [ECF No. 9].

2. Plaintiff is awarded attorney's fees and costs, payable by Mr. Atkins, limited to the amount <u>necessarily and reasonably</u> incurred in pursuing the portions of this motion and reply addressing the designations of non-parties at fault.  Mr. Atkins and plaintiff are ordered to confer to determine an appropriate amount.  If they cannot agree, the parties may set an evidentiary hearing.

DATED this 18th day of December, 2014.

BY THE COURT:

_/s/ Brooke Jackson_

_____
R. Brooke Jackson
United States District Judge