IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-02917-RBJ

ALLEN N. QUICK,

    Plaintiff,

v.

GRAND JUNCTION LODGING LLC, d/b/a Holiday Inn Express and Suites Hotel,
a South Dakota corporation,

    Defendant.

## ORDER

Defendant moves for reconsideration of the Court's order declining to permit defendant to designate Don Austin as an expert witness. The Court explained, in a minute order, that it was too late to designate Mr. Austin as an expert, but that he could testify as a fact witness to his role in selecting and purchasing the coffee table and in designing the lobby. ECF No. 40. For the reasons discussed below, the motion to reconsider is denied.

Plaintiff sustained injuries when he tripped over a glass-topped table in the lobby of a Holiday Inn Express hotel in Grand Junction, Colorado. The hotel as a "landowner" under the Colorado Premises Liability Act owed its registered guests ("invitees" under the Act) a duty to exercise reasonable care to protect them against dangers of which the hotel knew or should have known. C.R.S. § 13-21-115(3)(c). Plaintiff claims that the design, furnishings, lighting and signage in the lobby created a danger of an accident such as his accident, and that in creating and

maintaining this dangerous situation the hotel unreasonably failed to perform its statutory duty to him.

This case has been rife with discovery and disclosure disputes. From the Court's perspective the blame lies mostly with the defendant. At one point the Court imposed an attorney's fee sanction for discovery abuse. ECF Nos. 21 and 22. I am not sure how much, if any, of this is attributable to defense counsel. Regardless, there has recently been a change of defense counsel, and as one might expect, new counsel have their own ideas about how best to defend the case. That does not, however, open the door to disregarding long-expired deadlines.

Mr. Austin is a designer. He apparently purchased the coffee table at issue for the defendant. He is described by defense counsel as "the most knowledgeable witness in the case regarding the industry standard for placement of furniture in a public access hotel." Motion for Reconsideration [ECF No. 42] at ¶3. But his expertise and his involvement with the facts of this case presumably were, or certainly should have been, known to the defendant even before this case was filed.

The parties proposed, and the Court adopted a schedule under which expert disclosures were due by May 1, 2014 and rebuttal experts by June 1, 2014. ECF No. 14 at 11. The May date was later extended to May 15, 2014. ECF No. 17. Defendant's motion to amend the Scheduling Order to permit the designation of Mr. Austin as an expert witness was filed on December 22, 2014, immediately before the Christmas-New Year holiday period, with a trial preparation conference looming on January 30 and trial on February 17, 2015. I appreciate that new counsel has defended the case more aggressively and obviously cannot be faulted for the failure to designate the expert earlier, but the Court found that it was too late.

The motion for reconsideration does not discuss the standard for such a motion. In this Circuit,

> [a] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir.) *cert. denied*, 135 S. Ct. 104 (2014) *reh'g denied*, No. 13-10390, 2014 WL 6724402 (U.S. Dec. 1, 2014) (internal citations and quotations omitted).

Defendant's argument is that plaintiff's counsel falsely represented to the Court that the plaintiff had never been given Mr. Austin's name, identity, location, or contact information at a discovery hearing held on November 14, 2014. If what plaintiff's counsel represented had been true, then that might have been a factor in the Court's denial of defendant's motion to permit a late disclosure of Mr. Austin as an expert witness (although, as the Court made clear in its Order, the critical point was that it was too late to designate an expert). The "prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" is a factor relevant to whether a court should allow testimony not specified in a pretrial order. *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980). It turns out that the representation was not true, although I accept the representation that this was a negligent, not an intentional, misrepresentation. But that is not a basis for reconsideration, because defendant knew or should have known of the misrepresentation when it filed its original motion. In Plaintiff's Second Supplemental Response to defendant's paper discovery, served July 18, 2014, plaintiff disclosed that plaintiff's counsel had interviewed Mr. Austin. ECF No. 42 at 3–4. As mentioned, under

3

*Christy*, a motion for reconsideration should not be used to advance an argument that could have been raised earlier. *See* 739 F.3d at 539.

But even this misses the Court's point which was and is that new counsel's attempt to overcome defendant's previous shortcomings came too late in this instance. If defendant had been diligent and proper in responding to discovery and making disclosures throughout the case, I possibly might have viewed this differently. But it was not.

Having said all that, in my previous order I indicated that Mr. Austin could be called as a fact witness. This means he can talk about what he did and why he did it. The "why" probably involves professional expertise and opinions, but it is part of the facts as to what happened and is permissible. What he will not be permitted to do is to express expert opinions about industry standards that venture beyond the facts of what he did at the time.

## ORDER

For the foregoing reasons the motion to reconsider [ECF No. 42] is denied.

DATED this 16th day of January, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge